UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )    No. 1:26-cr-00007-SNLJ
        v.                   )
                             )
DANNY RAY LONG,              )
                             )
            Defendant.       )

**FILED**

**APR 1 6 2026**

*U.* S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant, Danny Ray Long, represented by defense counsel Jennifer L. Booth, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to, nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the charge made in the Indictment (Making False Statement During Acquisition of Firearm), the government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession, acquisition, or transfer of firearms of which the government is aware at this time. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range

(combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual basis for the request.

## 3. ELEMENTS:

As to the charge made in the Indictment, the defendant admits to knowingly violating Title 18, United States Code, Section 922(a)(6), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant knowingly made a false written statement to a federally licensed firearms dealer;

Two, the false statement was made in connection with the acquisition of a firearm; and

Three, the statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale or transfer of the firearm to the defendant.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

An individual seeking to purchase a firearm from a federally licensed firearms dealer ("FFL") must complete paperwork known as an ATF Form 4473 as part of a required background investigation. One of the questions on the form, specifically question "21a," inquires as to whether the individual making the purchase is the "actual transferee/buyer of the firearm." The form also includes the following warning in bold print: **"You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person."** Immediately preceding the signature line, the following warning appears in bold print: **"I understand that answering 'yes' to question 21a if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law."**

In July 2025, the Sikeston Department of Public Safety seized a Sar Arms 9mm semi-automatic pistol during a criminal investigation. An ATF trace revealed that defendant Danny Ray Long purchased the pistol from an FFL in Cape Girardeau known as "Absolute Arms & Ammo" on March 5, 2025. ATF agents obtained a copy of the Form 4473 associated with the transaction. Long signed the form, attesting that he was the actual transferee/buyer of the pistol.

Agents interviewed Long at his residence in Cape Girardeau on November 18, 2025. Among other things, agents specifically asked Long about the Sar Arms 9mm semi-automatic pistol he purchased on March 5, 2025. Long eventually admitted that he purchased the pistol for another individual. Long explained that this individual accompanied him to Absolute Arms & Ammo and provided cash to make the purchase. Long admitted that he filled out the ATF Form 4473, attesting that he was the actual transferee/buyer of the pistol. After completing the transaction, Long further admitted that he immediately gave the pistol to the other individual. Long further admitted that he received $100 in cash for making the purchase on behalf of this other individual.

By this plea, Long admits that he knowingly made false statements to the FFL during the acquisition of the pistol by representing that he was the actual transferee/buyer, a representation that was intended to deceive the FFL with respect to a fact material to the lawfulness of the sale.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than ten (10) years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

In the event the defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, the defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

**6.  U.S. SENTENCING GUIDELINES:  2025 YEAR MANUAL:** The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.  Chapter 2 Offense Conduct:**

**(1)  Base Offense Level:**  The parties recommend that the base offense level is 12 pursuant to U.S.S.G. § 2K2.1(a)(7).

**(2)  Specific Offense Characteristics:**  The parties recommend that no specific offense characteristics apply.

**b.  Chapter 3 Adjustments:**

**(1)  Acceptance of Responsibility:**  The parties recommend that two (2) levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility.

**(2) Other Adjustments:**  The parties recommend that no additional Chapter Three adjustments apply.

**c.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**d.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a.  Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)  Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:**  Both parties reserve their right to appeal any and all sentencing issues.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8.  OTHER:

    **a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.  These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code,

§ 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

**d.    Mandatory Special Assessment:**    Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.   Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that any fine imposed by the Court will be due and payable immediately.  In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.  Forfeiture:**  The defendant agrees to forfeit all of the defendant's interest in all items seized by law enforcement officials during the course of their investigation.  The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners.  The

defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

4/10/26
_____
Date

_____
JOHN N. KOESTER, JR.
Assistant United States Attorney

4/16/26
_____
Date

_____
DANNY RAY LONG
Defendant

16 April 2026
_____
Date

_____
JENNIFER L. BOOTH
Attorney for Defendant

11